# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TARGET MEDIA PARTNERS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 09 C 6922 |
| GREGG OWEN, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Target Media Partners ("TMP") has filed an amended complaint seeking a declaratory judgment that, pursuant to a clause in a stockholders' agreement, Gregg Owen must arbitrate certain claims against TMP before the American Arbitration Association ("AAA") in Las Vegas, Nevada. Owen has filed as a counterclaim the claims that TMP says Owen must arbitrate. TMP has moved to dismiss or stay the counterclaim and to compel Owen to arbitrate it in Las Vegas. For the reasons stated below, the Court grants the motion to dismiss but denies the motion to compel arbitration.

## Facts

TMP's original complaint sought to enjoin an arbitration proceeding initiated by Owen before JAMS in Chicago. Owen moved for summary judgment, and the Court denied his motion. *See Target Media Partners v. Owen*, No. 09 C 6922, 2010 WL 2364581 (N.D. Ill. June 11, 2010). Owen then filed a motion for reconsideration, which

the Court also denied [docket no. 27]. The parties continued discovery in preparation for a possible trial on plaintiff's claim for an injunction against the JAMS Chicago arbitration. On October 8, 2010, however, Owen withdrew his arbitration claim from JAMS "without prejudice to his right to file his claim in a court of competent jurisdiction." Am. Compl., Ex. L (letter from Owen's attorney, Robert Carroll, to JAMS). Because this left open the distinct possibility that Owen would refile his claim, TMP filed an amended complaint on November 23, 2010 seeking a declaration regarding the proper forum for litigating the claim. Owen filed an answer, affirmative defenses, and counterclaim on December 14, 2010. The parties agree that Owen's counterclaim contains the same claims that he initially sought to arbitrate before JAMS.

Owen's counterclaim contains two counts. In each count, Owen alleges that TMP, as the successor-in-interest to TMP Nevada ("TMPNV"), is liable to him for breaching a contract formed between Owen and TMPNV (the "warrant agreement"). Specifically, Owen contends that TMPNV violated the warrant agreement by failing to (1) make lawful and adequate provision for Owen to receive the benefits to which he was entitled under the warrant agreement, (2) make appropriate provisions to protect Owen's interests following the merger between TMP and TMPNV, and (3) provide Owen with a written assumption of obligations. In count one, Owen seeks damages equal to the fair value of his warrants in TMPNV as of November 4, 2005. In count two, which Owen pleads in the alternative, he requests a declaratory judgment that TMPNV's obligations under the warrant agreement are binding on TMP. He also seeks damages equal to the unpaid warrant dividends allegedly owed to him by TMP for the years 2007, 2008, and 2009. As indicated earlier, TMP has moved to dismiss the

2

counterclaim or to compel arbitration.

**Discussion**

TMP offers two distinct arguments in support of its motion. First, TMP asks the Court to compel arbitration and dismiss or stay the case because Owen, by signing a "joinder agreement," agreed to be bound by a stockholders' agreement that contains a clause mandating arbitration of his claims. Alternatively, TMP seeks dismissal of the counterclaim based on improper venue because Owen's claims are essentially a challenge to the merger agreement between TMPNV and TMP, which contains a clause requiring claims arising out of that agreement to be litigated in Nevada.

**1.    The arbitration clause**

TMP first argues that Owen signed the joinder agreement to receive the shares of stock awarded to him after the first arbitration and that by doing so, he became bound by the terms of a TMP stockholders' agreement, which contains a mandatory arbitration clause. Because "the Stockholders' Agreement expressly governs the [TMPNV] Warrants," TMP asserts that "Owen agreed to be bound by the arbitration clause contained in the Stockholders' Agreement concerning any dispute over the regulation of the warrants." Pl.'s Mot. to Dismiss or Alternatively to Compel Arbitration and Stay Def.'s Countercl. at 5 ("Pl.'s Mot.").

Under the Federal Arbitration Act, a written arbitration agreement contained in a contract is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. As such, the enforceability of an arbitration agreement is determined based upon state law principles governing

3

contracts. *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). "To compel arbitration, a party need only show: (1) an agreement to arbitrate, (2) a dispute within the scope of the arbitration agreement, and (3) a refusal by the opposing party to proceed with arbitration." *Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 466 F.3d 577, 580 (7th Cir. 2006).

The parties do not dispute that Owen signed the joinder agreement. The agreement states that "the undersigned hereby agrees to become a party to, to be bound by, to comply with and to obtain the benefit of . . . the Stockholders' Agreement in the same manner as if the undersigned were an original signatory to such agreement." Am. Compl., Ex. H at B-1. Section 7.16(b) of the stockholders' agreement, in turn, provides that "[a]ll disputes, controversies or differences which may arise between the parties *out of or in relation to or in connection with this Agreement* shall exclusively and finally be settled by binding arbitration conducted before the [AAA] in Las Vegas, Nevada." *Id.*, Ex. I at 26 (emphasis added). Owen argues that his claims "do not arise out of or relate to the Stockholder Agreement" because they allege a breach of a separate contract, the warrant agreement. Def.'s Resp. at 8.

The Seventh Circuit has described arbitration clauses that extend to claims "arising out of or relating to" the contract containing the clause as "extremely broad and capable of an expansive reach." *Kiefer Special Flooring, Inc. v. Tarkett, Inc.*, 174 F.3d 907, 909 (7th Cir. 1999); *see also Sweet Dreams Unlimited, Inc. v. Dial-A-Mattress Int'l, Ltd.*, 1 F.3d 639, 642 (7th Cir. 1993) ("[A]ny dispute between contracting parties that is *in any way connected with their contract* could be said to 'arise out of' their agreement

4

and thus be subject to arbitration under a provision employing this language") (emphasis added). Arbitration clauses such as these "necessarily create a presumption of arbitrability." *Kiefer Special Flooring*, 174 F.3d at 910.

The Court concludes that the arbitration clause applies to Owen's claims. The claims arose in connection with the stockholders' agreement, which, by its express terms, "governs[] all of the Securities (as defined herein) of [TMPNV] held as of the date hereof, or at any time hereafter, by" a party to the agreement. Am. Compl, Ex. I at 1. The stockholders' agreement further defines "securities" to include "capital stock or other equity interests *or any options, warrants, or other securities* that are directly or indirectly convertible" into TMPNV stock. *Id.* at 5 (emphasis added). The stockholders' agreement thus governs its signatories' rights and duties with respect to warrants to purchase TMPNV stock. Owen's claims seek to vindicate such rights. *See* Answer to Am. Compl., Affirmative Defenses and Countercl. ¶¶ 71, 80 (alleging that TMPNV failed to "make 'lawful and adequate provision'" for him to have the right to receive "such shares of stock, securities or assets" as he would have been entitled to in the absence of a merger).

Owen made himself a party to the stockholders' agreement by signing the joinder agreement. He thus agreed to arbitrate any claims "aris[ing] between the parties out of or in relation to or in connection with" the stockholders' agreement. Am. Compl, Ex. I at 26. His claims are based on his rights in TMPNV warrants, which are "securities" that are "govern[ed]" by the terms of the stockholders' agreement. *Id.* at 1, 5. Accordingly, Owen's counterclaims arise in connection with the stockholders' agreement. For this reason, Owen must arbitrate them before the AAA in Las Vegas.

As noted above, TMP has sought dismissal of Owen's counterclaim or, in the alternative, a stay of the case and an order compelling arbitration of Owen's claims. The Seventh Circuit has held, however, that a district court cannot compel arbitration in a district other than that in which the court sits. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Lauer*, 49 F.3d 323, 327 (7th Cir. 1995) ("[T]his Circuit has concluded that where the arbitration agreement contains a forum selection clause, only the district court *in that forum* can issue a [9 U.S.C.] § 4 order compelling arbitration") (emphasis in original); *see also id.* at 328 ("Numerous other cases have considered the plain language of [section] 4 and concluded that a district court lacks the authority to compel arbitration in other districts, or in its own district if another has been specified for arbitration"). As such, the Court cannot compel arbitration in Nevada and will instead dismiss Owen's counterclaim. *See Cont'l Cas. Co. v. Am. Nat'l Ins. Co.*, 417 F.3d 727, 733 (7th Cir. 2005) (noting that dismissal is "appropriate" when a forum selection clause "require[s] arbitration in other districts").

Because the Court concludes that Owen's counterclaim is subject to dismissal, it need not consider TMP's alternative argument that dismissal is required based on the merger agreement's forum selection clause.

**Conclusion**

For the foregoing reasons, the Court grants plaintiff's motion to dismiss the counterclaim but denies its motion to compel arbitration or to stay [docket no. 46]. Because the Court has dismissed the counterclaim on the ground that it is subject to arbitration, it may be appropriate to enter a declaratory judgment to that effect, as

plaintiff requests in its complaint, even though the Court cannot actually compel arbitration. The parties should be prepared to discuss this issue at the next status hearing, which the Court sets for April 28, 2011 at 9:30 a.m.

                                                                                                          _____/s Matthew F. Kennelly_____
                                                                                                            MATTHEW F. KENNELLY
                                                                                                United States District Judge

Date: April 20, 2011